# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re: **Mohd Nazzal Abu Jamous,**          Case No. 13-33318-KLP
  aka **Moh'd Nazzal Abo Jamous,**
  aka **Mohammad Abujamous,**
  aka **Moe Abujamous,**
                              **Debtor.**          **Chapter 7**

---

## CHAPTER 7 TRUSTEE'S MOTION FOR
## APPROVAL OF COMPROMISE AND SETTLEMENT

**COMES NOW** Roy M. Terry, Jr. (the "Trustee" or "Plaintiff"), Chapter 7 Trustee for *In re Mohd Nazzal Abu Jamous*, No. 13-33318-KLP (Bankr. E.D. Va.), by counsel, and moves the Court for entry of an order approving the compromise and settlement with Mohd Nazzal Abu Jamous, Esther Abu Jamous, and Tobacco Zone Inc., and in support of thereof respectfully states as follows:

### Background

1.     On June 17, 2013 (the "Petition Date"), Mohd Nazzal Abu Jamous, aka Moh'd Nazzal Abo Jamous, aka Mohammad Abujamous, aka Moe Abujamous, ("**Debtor**") filed a voluntary petition seeking relief under Chapter 7 of 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

2.     Roy M. Terry, Jr. was appointed interim Chapter 7 Trustee and continues to serve in that capacity.

3.     On June 11, 2015, the Plaintiff Trustee filed a *Complaint* (doc. # 1) against defendant Debtor, Esther Abu Jamous (Debtor's spouse), and Tobacco Zone Inc. (an entity owned by Debtor's father) (collectively the "**Defendants**") alleging fraudulent conveyances

John C. Smith, VSB No. 44556
SANDS ANDERSON PC
PO Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
*Counsel for Roy M. Terry, Jr., Chapter 7 Trustee*

(Counts I, II & III), an unauthorized post-petition transfer (Count IV), and sought to recover and administer such transfers for the estate (Counts V, VI, VII & VIII). *Terry v. Abu Jamous (In re Abu Jamous)*, Adv. P. No. 15-03364-KLP (Bankr. E.D. Va.).

4.      On July 15, 2015, the Defendants filed a joint *Answer to Complaint* (doc. # 5) denying liability and asserting certain affirmative defenses.

5.      On October 30, 2015, the parties attended mediation with the Honorable Paul M. Black serving as mediator.  A compromise and settlement was reached during mediation which outlined the following terms:

- The Defendants will pay a total sum of $75,000.00 to the Trustee in settlement of all claims brought by the Trustee.

- The Defendants will pay to the Trustee $5,000.00 within five days of the court's approval of the settlement.

- The Defendants will pay to the Trustee $500.00 per month (the "**Loan Payment**") on a note for $70,000.00, bearing interest at 4.5% and a maturity 18 months from execution of the note (the "**Balloon Note**").  (The $500.00 Loan Payment is for principal and interest.)  The Trustee shall provide an amortization schedule. Payments are due on the 1st of the month.    Defendants are in default on the Balloon Note if any payment is more than 15 days late.

- The note will be secured by a second lien Deed of Trust on 1822 Ducatus Drive, Midlothian, Virginia (the "**Property**"), subject only to a first Deed of Trust in the approximate amount of $87,000.00.

- The Defendants will have the right to extend the maturity of the Balloon Note to 24 months from the date of execution of the Balloon Note by paying an additional $5,000.00 principal curtailment prior to the initial maturity of the Balloon Note.

- The compromise and settlement agreement is subject to the United States Trustee withdrawing or not pursuing its request to object to the debtor's discharge and the debtor obtaining a chapter 7 discharge (the "**Discharge Condition**").[1]

- The compromise and settlement agreement is subject to the approval of this Court.

(the "**Original Settlement Terms**").

---

[1] The Defendants asserted they needed a discharge so that they could refinance the Balloon Note at maturity.

6.     On December 18, 2015, the U.S. Trustee for Region Four filed a complaint objecting to debtor's discharge the "**Non-Dischargeability Suit**").  *See Robbins v. Jamous (In re Jamous)*, Adv. P. No. 15-03476 (Bankr. E.D. Va.).

7.     In light of the Non-Dischargeability Suit, the Defendants proposed to modify the Original Settlement Terms to whereby:

- The Defendants would waive the Discharge Condition and immediately list the Property for sale (with Court oversight);

- Loan Payments on the Balloon Note are due on the 1st of the month commencing on September 1, 2016; and

- Except as modified above, the Original Settlement Terms would remain in effect.

(the "Modifications").

8.     A Settlement Agreement to effect the compromise and settlement (as modified) is attached as Exhibit A.

9.     The Trustee, in his business judgment, believes this compromise and settlement (as modified) is in the best interest of the estate, and is fair and equitable to the creditors of the estate.

## Relief Requested

10.     The Trustee moves the Court pursuant to Federal Rule of Bankruptcy Procedure 9019 for approval of the compromise and settlement (as modified).

## Points and Authorities

11.     In determining whether to approve a compromise and settlement, courts must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate.  *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997).  These factors include: (1) the probability of success in litigation; (2) the

potential difficulties, if any, in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delays necessarily attending it; and (4) the paramount interest of the creditors. *Id.*

12.     The Trustee analyzes the above factors as follow:

(1)     <u>Probability of success in litigation</u>.  The alleged fraudulent conveyances can classified into three groups: (i) use of debtor's assets to put down a down-payment on a house held as tenants by the entirety, (ii) use of debtor's assets to pay the mortgage loan secured by the house, and (iii) transfer on inventory to his father's business.  Proving fraudulent intent using badges of fraud is inherently risky.  The Trustee believes he would ultimately be successful in avoiding the fraudulent conveyance for the down-payment on the house and transfer of inventory to his father's business, but may have difficulty with avoiding the loan payments.

(2)     <u>Potential difficulties, if any, in collection</u>.  The Trustee believes that it would be difficult to collect a judgment against Debtor's father's business, but that any judgment(s) related to avoided transfers involving the house could be collected by selling the house.

(3)     <u>Complexity of the litigation, and expense, inconvenience and delays</u>.  The Trustee believes that there would be significant expense, inconvenience and delays in litigating the case to conclusion.  The case is fact intensive, and the Defendants are expected to put up a vigorous defense.

(4)     <u>Paramount interest of the creditors</u>.  The Trustee, in his business judgment, believes the settlement is fair and equitable, and in the best interest of the creditors.

**WHEREFORE**, the Trustee prays that the Court enter an order substantially in the form attached as Exhibit B, and granting the Trustee such other and further relief as is just and proper.

Respectfully submitted, this the 8th day of March, 2016.

By Counsel

/s/ John C. Smith
John C. Smith, VSB No. 44556
Email: jsmith@sandsanderson.com
SANDS ANDERSON PC
PO Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
*Counsel for Roy M. Terry, Jr., Chapter 7 Trustee*

W3233725

This Settlement Agreement (the "**Agreement**") is made by and between Roy M. Terry, Jr. (Chapter 7 Trustee for *In re Mohd Nazzal Abu Jamous*, No. 13-33318-KLP (Bankr. E.D. Va.)) (the "**Chapter 7 Trustee**"), Mohd Nazzal Abu Jamous, aka Moh'd Nazzal Abo Jamous, aka Mohammad Abujamous, aka Moe Abujamous ("**Mr. Abu Jamous**"), Esther Abu Jamous ("**Mrs. Abu Jamous**"), and Tobacco Zone Inc. (a Virginia corporation), (collectively hereinafter referred to as the "**Parties**" and each individually as a "**Party**"). This Agreement shall be deemed entered into as of the date of the signature of the last Party or Party representative to sign the Agreement.

## Recitals

**WHEREAS** Mr. Abu Jamous filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 17, 2013, which case is styled *In re Mohd Nazzal Abu Jamous*, No. 13-33318-KLP (Bankr. E.D. Va.) ("**Mr. Abu Jamous's Bankruptcy Case**"), and the Chapter 7 Trustee was appointed interim chapter 7 trustee in Mr. Jamous's Bankruptcy Case and continues to serve in that capacity;

**WHEREAS** the Chapter 7 Trustee initiated a lawsuit by filing a *Complaint* against Mr. Abu Jamous, Mrs. Abu Jamous, and Tobacco Zone Inc. (collectively the "**Defendants**") in a case styled *Terry v. Abu Jamous (In re Abu Jamous)*, Adv. P. No. 15-03364-KLP (Bankr. E.D. Va.) (the "**Adversary Proceeding**"), and the Defendants have filed an *Answer* therein denying liability and asserting certain affirmative defenses;

**WHEREAS** the Parties attended mediation on October 30, 2015 which culminated in a memorandum prepared by the Honorable Paul Black (mediator) and signed by all Parties outlining the terms of settlement (the "**Memorandum**"); and

**WHEREAS** the Parties have agreed to modify the terms of settlement in the Memorandum;

**NOW, THEREFORE, WITNESSETH**

That for and in consideration of the premises and mutual undertakings herein set forth, the Parties agree as follows:

### Agreement

1.     After this Agreement is executed, the Trustee shall submit the Agreement to the Bankruptcy Courts for approval, and the Parties agree to cooperate to obtain such approval.

2.     This Agreement is subject to approval by the bankruptcy court for Mr. Abu Jamous's Bankruptcy Case (the **"Bankruptcy Court"**). This Agreement shall be of no force or effect, unless and until a final and non-appealable order approving this Agreement has been entered by the highest court having jurisdiction over Mr. Abu Jamous's Bankruptcy Case. In the event that this Agreement is not approved by the Bankruptcy Court, or if any final order pertaining to this Agreement is reversed by a court of competent jurisdiction, this Agreement shall be deemed null and void, and neither the terms nor the statements contained in this Agreement, in any motion or motions filed seeking approval thereof, nor in any correspondence related to negotiation, drafting or approval of this Agreement, shall be argued or deemed to be an admission against any Party's interest.

3.     The Defendants will pay a total sum of $75,000.00 to the Chapter 7 Trustee in settlement of all claims brought by the Chapter 7 Trustee in the Adversary Proceeding; of which the Defendants will pay to the Chapter 7 Trustee the sum of $5,000.00 within five days of the Bankruptcy Court's approval of the settlement; and the Defendants will sign and deliver to the Chapter 7 Trustee, to hold in escrow pending Bankruptcy Court approval of the settlement, a

Balloon Note (a copy of which is attached as Exhibit A-1) in the principal amount of $70,000.00, bearing interest at 4.5%, with monthly payments in the amount of $500.00 due from the Defendants to the Chapter 7 Trustee on the 1st of the month commencing September 1, 2016, and a maturity date of all outstanding amounts due 18 months from the date of execution of the Balloon Note. Defendants shall be in default on the Balloon Note if any payment is more than 15 days late. The Trustee shall provide the Defendants with an amortization schedule.

4.　　Mr. Abu Jamous and Mrs. Abu Jamous will sign and deliver to the Chapter 7 Trustee, to hold in escrow pending Bankruptcy Court approval of the compromise and settlement, a second lien Deed of Trust (a copy of which is attached as Exhibit A-2) on 1822 Ducatus Drive, Midlothian, Virginia (the **"Property"**), subject only to a first Deed of Trust in the approximate amount of $87,000.00.

5.　　The Defendants will have the right to extend the maturity of the Balloon Note to 24 months from the date of execution of the Balloon Note by paying to the Chapter 7 Trustee an additional $5,000.00 principal curtailment prior to the initial maturity of the Balloon Note.

6.　　Mr. Abu Jamous and Mrs. Abu Jamous agree to sell the Property with the oversight of the Bankruptcy Court. More specifically, Mr. Abu Jamous and Mrs. Abu Jamous agree to immediately list the Property for sale at a price sufficient to pay off all encumbrances on the Property. Furthermore, in the event that the Property does not sell with closing occurring prior to Balloon Note's maturity, the parties agree to sell the Property at public auction.

7.　　Mr. Abu Jamous and Mrs. Abu Jamous will add Roy. M. Terry, Jr., Trustee as an additional insured on their property casualty insurance, and include the address of Roy M. Terry, Jr., Trustee, at P.O. Box 2188, Richmond, VA 23218-2188, on the cancellation notice for such policy.

3

8.      After a final and non-appealable order approving this Agreement has been entered by the highest court having jurisdiction over Mr. Abu Jamous's Bankruptcy Case and the Defendants have paid to the Chapter 7 Trustee the $5,000.00 due within five days of the Bankruptcy Court's approval of the settlement, the Parties shall sign and file a Notice of Dismissal to dismiss the Adversary Proceeding.

9.      This Agreement is expressly not conditioned upon the United States Trustee withdrawing or not pursuing its objection to the debtor's discharge, nor conditioned upon Mr. Abu Jamous obtaining a chapter 7 discharge.

10.     The Parties shall be responsible for their respective costs, including attorneys' fees in this settlement.  However, nothing herein shall impair the right of counsel retained by the Chapter 7 Trustee to, subject to Bankruptcy Court approval, be paid costs, including attorneys' fees, from the bankruptcy estates.

11.     This Agreement is the product of negotiation by and among the Parties and their respective counsel.  As a result, the Agreement shall not be construed, and no presumption shall arise, based on who drafted the Agreement.

12.     If any provision of this Agreement is determined to be invalid or unenforceable by a court or other tribunal of competent jurisdiction, such provision shall be ineffective, and the remainder of this Agreement shall continue in effect and be construed as if the unenforceable provision had not been contained in this Agreement.  Each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

13.     This Agreement shall not be modified or amended except in a writing signed by each Party or Party representative.

14.     This Agreement shall bind and inure to the benefit of the Parties and to their respective successors and assigns, even if Mr. Abu Jamous's Bankruptcy Case is dismissed or converted to a case under a different chapter of the Bankruptcy Code.

15.     To the extent allowable by law, the Bankruptcy Court shall have and retain exclusive jurisdiction to adjudicate any dispute which arises in connection with this Agreement and to interpret, implement and enforce the terms of this Agreement, including the resolution of any dispute arising under any orders related thereto.

16.     The Parties agree to execute any and all documents necessary to consummate the settlement between the Parties and to otherwise exercise reasonable efforts to facilitate the terms of the settlement between the Parties.

17.     Each Party warrants and represents that (a) it has full corporate and/or individual power and authority to enter into this Agreement; (b) except for the approval of the Bankruptcy Courts, no third party approvals are necessary for them to lawfully enter into this Agreement; (c) the execution of this Agreement will not violate any material agreement or court order binding on said Party; (d) execution of this Agreement is binding on and enforceable against said Party; and (e) it has not sold or assigned any of the claims or causes of action that the Parties may make against each other.

18.     This Agreement may be executed in two or more counterparts, including by facsimile, each of which shall for all purposes be deemed to constitute an original, but all of which, taken together, shall constitute but one instrument, and shall become effective when copies hereof, when taken together, bear the signatures of each of the Parties hereto.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed by their hands on the dates indicated below.

ROY M. TERRY, JR., as Chapter 7 Trustee

Date 3-8-2016          By: _____

COMMONWEALTH OF VIRGINIA
CITY/~~COUNTY~~ OF Richmond_____, to-wit:

Subscribed and sworn to before me this 8ᵗʰ day of March, 2016, by Roy M. Terry, Jr., Chapter 7 Trustee for *In re Mohd Nazzal Abu Jamous*, No. 13-33318-KLP (Bankr. E.D. Va.)

My commission expires: April 30. 2019 _____
Notary Public

[the rest of this page is intentionally left blank]



Stephanie Marie Ryan
Commonwealth of Virginia
Notary Public
Commission No. 224832
My Commission Expires 4/30/2019

6

MOHD NAZZAL ABU JAMOUS

Date 3/7/16                          By: _____

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF Prince George _____, to-wit:

Subscribed and sworn to before me this 7th day of March, 2016, by Mohd Nazzal Abu
Jamous.

My commission expires: 10/31/2019 _____
                                        Notary Public

JESSICA NICOLE VLKOJAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCT. 31, 2019
COMMISSION # 7513331

ESTHER ABU JAMOUS

Date 3/7/16                          By: Esther Abu Jamous

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF Prince George _____, to-wit:

Subscribed and sworn to before me this 7th day of March, 2016, by Esther Abu
Jamous.

My commission expires: 10/31/2019 _____
                                        Notary Public

JESSICA NICOLE VLKOJAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCT. 31, 2019
COMMISSION # 7513331

TOBACCO ZONE INC.

Date 3-7-2016                        By: _____

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF Prince George _____, to-wit:

Subscribed and sworn to before me this 7th day of March, 2016, by
(print name:) Suhair Abu Jamous as (print title:) Human Resources Manager
for Tobacco Zone Inc.

My commission expires: 10/31/2019 _____
                                        Notary Public

JESSICA NICOLE VLKOJAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCT. 31, 2019
COMMISSION # 7513331

7

## BALLOON NOTE

$70,000.00
Richmond, Virginia
March __. 2016

FOR VALUE RECEIVED, the undersigned, jointly and severally, promise to pay to the order of Roy M. Terry, Jr. at P.O. Box 2188, Richmond, VA 23218-2188, or at such other place as the holder hereof may designate in writing, the principal sum of Seventy Thousand and no/100 dollars ($70,000.00) in lawful money of the United States of America plus interest at the rate of four and one-half percent (4.5%) per annum, due and payable in equal monthly installments of Five Hundred and no/100 dollars ($500.00) commencing September 1, 2016, and continuing on the first day of each month thereafter, with all unpaid principal and interest due and payable eighteen (18) months from the date of execution of this Note. All payments are to be applied first to interest, then principal. If any payment is not paid on or before the fifteenth (15th) day after the payment due date, the makers shall be in default.

The undersigned have the right to extend the maturity of this Note to twenty-four (24) months from the date of execution of this Note by paying an additional Five Thousand and no/100 dollars ($5,000.00) principal curtailment prior to the initial maturity of this Note.

This Note is secured by a Deed of Trust of even date herewith for the makers hereof to C. Thomas Ebel, Trustee, conveying certain property located at 1822 Ducatus Drive in the County of Chesterfield, Virginia, and recorded in the Clerk's Office of the Circuit Court of said county.

If default occurs in any payment as provided above, or if default occurs by the makers hereof in the performance of or compliance with any covenants, warranty or agreement in the Deed of Trust securing this Note, the entire unpaid balance of this Note, with all accrued interest thereon, may at any time during such default, at the option of the holder, be declared due and payable and thereupon shall become due and payable at once. Failure to exercise this option

**EXHIBIT A-1**

shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

Each maker and endorser of this Note severally waives presentment, demand, protest and notice of dishonor, as well as the benefit of any exemption under the Homestead and all other exemption or insolvency laws as to this debt, and agrees to remain bound for the payment hereof notwithstanding any agreement or agreements by the holder hereof for renewal hereof or extensions of the due date of any of the installments hereof, in whole or in part, and whether any such renewals or extensions be made before, on or after the maturity hereof, even though made without their or any of their consent or without notice to them or any of them and whether made at the request of a person originally obligated hereon (as maker or endorser) or a person who has assumed this obligation or the then owner of the property secured by the above-mentioned Deed of Trust, and notwithstanding that such renewals or extensions are for periods in excess of the original term hereof. Each maker and endorser further agrees to pay all expenses incurred in the collection of this Note, including a reasonable attorney's fee. In the event of a sale of the property securing this Note, the makers and endorsers severally agree to pay any deficiency that may then be due. This indebtedness may be prepaid at any time without penalty and with appropriate abatement of interest.

In the event any provision (or part of any provision) contained in this Note shall be held for any reason invalid, illegal or unenforceable in any respect such invalidity, illegality or unenforceability shall not affect any other provision (or the remaining part of the affected provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained herein but only to the extent that such provision (or part thereof) is invalid, illegal or unenforceable.

Witness the following signatures and seals:

MAKERS:

_____(SEAL)
Mohd Abu Jamous

_____(SEAL)
Esther Abu Jamous

TOBACCO ZONE INC.

By: _____(SEAL)
Name (print): _Suhair Abu Jamous_
Title: Human Resources Manager

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF Prince George , to wit:

The foregoing instrument was acknowledged before me this 7th day of March, 2016, by

Mohd Abu Jamous and Esther Abu Jamous.

My commission expires: 10/31/2019

Jessica Nicole Vlkojan
Notary Public

JESSICA NICOLE VLKOJAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCT. 31, 2019
COMMISSION # 7513331

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF Prince George , to wit:

The foregoing instrument was acknowledged before me this 7th day of March, 2016, by

(print name:) Suhair Abu Jamous as (print title:) Human Resources Manager

for Tobacco Zone Inc.

My commission expires: 10/31/2019

Jessica Nicole Vlkojan
Notary Public

JESSICA NICOLE VLKOJAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCT. 31, 2019
COMMISSION # 7513331

3

**EXHIBIT A-2**

Prepared By:      Roy M. Terry, Jr., VSB # 17764
                  SANDS ANDERSON, PC
                  P.O. Box 1998
                  Richmond, VA  23218-1998

## DEED OF TRUST

THIS DEED OF TRUST, made this __ day of March, 2016, by and between

**Mohd ABU JAMOUS** and **Esther ABU JAMOUS**, husband and wife, Grantor, and **C. Thomas**

**EBEL**, Trustee, party of the second part, and Roy M. Terry, Jr., bankruptcy trustee for *In re*

*Mohd Nazzal Abu Jamous*, No. 13-33318-KLP (Bankr. E.D. Va.), Beneficiary.

### WITNESSETH

THAT the said Grantor do hereby grant, bargain, sell and convey unto the said party of

the second part, with GENERAL WARRANTY, the following described land, situated in the

County of Chesterfield, Virginia, to wit:

> ALL that certain lot, piece or parcel of land, with improvements
> thereon belonging, lying and being in Chesterfield County,
> Virginia, known and designated as Lot 23, Block B, Section 2,
> Glamorgan, as shown on plat made by J.K. Timmons &
> Associates, Inc., dated May 9, 1983, recorded May 19, 1983, in the
> Clerk's Office, Circuit Court in the County of Chesterfield,
> Virginia, in Plat Book 43, pages 11 and 12, reference to which plat
> is hereby made for a more particular description of the property
> being conveyed herein.
>
> BEING the same real estate conveyed by Rae James, LLC, Trustee
> of the 1822 Ducatus Drive Land Trust under trust agreement dated
> March 4, 2011, to Mohd Abu Jamous and Esther Abu Jamous,
> husband and wife, by deed dated April 8, 2011, recorded April 11,
> 2011, in the Clerk's Office, Circuit Court, Chesterfield County,
> Virginia in Deed Book 9389, Page 0937, as Instrument # 12947.

TOGETHER with all buildings, improvements, fixtures or appurtenances now or

hereafter erected or installed thereon, including all equipment, fixtures or articles used to supply

heat, gas, air-conditioning, water, light, power, refrigeration, ventilation or other services, and

also, together with any screens, doors, awnings, window shades, storm doors, windows, screen

doors, stoves, and water heaters, all of which are declared to be part of said real estate, whether

CLERK OF THE COURT TO INDEX UNDER:
  MOHD ABU JAMOUS
  ESTHER ABU JAMOUS

physically attached thereto or not (all of which together with said real property, are hereinafter referred to as the "Property").

IN TRUST to secure payment of a debt in the amount of Seventy Thousand and no/100 DOLLARS ($70,000.00), evidenced by a promissory note of even date herewith (the "Note").

IT IS COVENANTED AND AGREED that if default be made in the performance of any of the covenants and agreements contained in this Deed of Trust, then the entire principal sum secured by this Deed of Trust shall, at the option of the Beneficiary or the then holder of the said debt, be and become due and payable and may, at any time thereafter, be collected by suit at law or in equity, foreclosure of this Deed of Trust, or any other legal or equitable proceedings, with the declaration of said option, and without other or further notice, and

FURTHER, in the event of any default, the Trustee shall have the same right, upon demand of the Beneficiary, to take immediate possession of the premises, to rent the same at such rentals as the Trustee may deem proper, to collect rents, to make any necessary repairs or replacements to the Property, and after paying the cost of renting the Property, to apply the balance on the obligations hereby secured, and if there not be sufficient net rental money received to pay the cost of repairs, then any balance shall be secured hereby along with the Note and bear the same rate of interest. The Beneficiary's and Trustee's rights are subject to the notice provision contained in the Note.

THIS DEED OF TRUST is made in accordance with and under the provisions of Sections 55-59 and 55-60 of the Code of Virginia (1950) as amended, except so far as may be herein otherwise provided. And the following provisions of said Sections 55-59 and 55-60 of the Code of Virginia (1950) as amended, are hereby incorporated in and made a part of this deed of trust in

2

the respective short forms provided for by said statute, with the full meaning and intent as expressed and set forth in said statute, namely:

Exemptions Waived

Subject to All Upon Default

Renewal, Extension or Reinstatement Permitted

Right of Anticipation Reserved as Set Forth in the Note

Insurance Required – An amount equal to the principal sum herein secured, plus the sum secured by all liens, if any, senior in priority to this Deed of Trust.

Substitution of Trustees Permitted at the sole discretion of the Noteholder

Any Trustee May Act

Advertisement Required – Three times in a newspaper having general circulation in the jurisdiction in which the Property lies, and the Trustees may sell the Property or part thereof on the fifteenth day after the first advertisement or any day thereafter.

The Grantor expressly covenants to keep the Property in tenantable condition and in as good condition and repair as at the time of execution hereof, and the Trustee is hereby constituted the sole and exclusive judge of the provisions of this covenant to keep said property in tenantable condition and in good condition and repair, and his decision shall be final and binding.

The Grantor hereby assigns to the Trustee, up to the amount of the unpaid balance of the Note, the proceeds or any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property or any part thereof, or for conveyance in lieu of condemnation, and at the option of the Beneficiary the proceeds shall be paid to the Beneficiary for application to the indebtedness and obligations hereby secured after first deducting from the proceeds such reasonable costs and expenses as may be incurred in the collection of the proceeds.

The Grantor covenants and agrees to perform well and faithfully all covenants and duties under the deed of trust senior in priority to this deed of trust (other than with respect to payments due under the terms of the note secured by the senior deed of trust).

All rights and options herein created for the benefit of the Beneficiary shall inure to the benefit of and may be exercised by any holder or holders of the debt hereby secured or any party thereof, or any renewals or extensions thereof.

The Grantor reserves the privilege to pay the entire indebtedness hereby secured, in whole or in part, at any time and from time to time, without premium or penalty, with appropriate abatement of interest.

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

Witness the following signatures and seals:

MAKERS:

_____(SEAL)
Mohd Abu Jamous

_____(SEAL)
Esther Abu Jamous

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF Prince George , to wit:

The foregoing instrument was acknowledged before me this 7th day of March, 2016, by Mohd Abu Jamous and Esther Abu Jamous.

My commission expires:

_____
Notary Public

PLEASE RETURN TO:    Roy M. Terry, Jr., Esquire
                     SANDS ANDERSON, PC
                     P.O. Box 1998
                     Richmond, Virginia 23218-1998

JESSICA NICOLE VLKOJAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCT. 31, 2019
COMMISSION # 7513331

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re:  Mohd Nazzal Abu Jamous,            Case No. 13-33318-KLP
                       Debtor.                     Chapter 7

**ORDER**

This matter is before the Court on the *Chapter 7 Trustee's Motion for Approval of Compromise and Settlement* (the "Motion") filed by Roy M. Terry, Jr., Chapter 7 Trustee.  After review of the Motion, and for good cause shown,

       **IT IS ORDERED** that the Motion is GRANTED.

Entered:
                                     _____

                                       United States Bankruptcy Court

                                       Entered on Docket:

For this I ask:

 /s/ John C. Smith_____
John C. Smith, VSB No. 44556
Email: jsmith@sandsanderson.com
SANDS ANDERSON PC
PO Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
*Counsel for Roy M. Terry, Jr., Chapter 7 Trustee*

**L.B.R. 9022-1(C) CERTIFICATION**

I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

                           /s/ John C. Smith_____

**EXHIBIT B**

COPIES TO:

Mohd Nazzal Abu Jamous
1822 Ducatus Drive
Midlothian, VA 23113

Esther Abu Jamous
1822 Ducatus Drive
Midlothian, VA 23113

James E. Kane, Esq,
KANE & PAPA, P.C.
P.O. Box 508
Richmond, VA 23218-0508

Brett Alexander Zwerdling, Esq.
Zwerdling, Oppleman & Adams
5020 Monument Avenue
Richmond, VA  23230

John C. Smith, Esq.
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, VA 23219